Michael SMITH, Plaintiff,

v.

COSTA LINES, INC., a corporation; Paquet Cruises, Inc., a corporation, Defendants.

No. C–82–2924 SAW.

United States District Court, N.D. California.

March 8, 1983.

452

Jarvis, Miller, Brodsky & Baskin, Inc., Eugene A. Brodsky, San Francisco, Cal., for plaintiff.

Lillick, McHose & Charles, Ann G. Miller, Charles D. Weisselberg, San Francisco, Cal., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

WEIGEL, District Judge.

On June 8, 1982, plaintiff filed this diversity action seeking damages for a foot injury allegedly sustained on June 11, 1981, while a passenger aboard the vessel M.S. World Renaissance. Plaintiff initially named as defendants Costa Lines, Inc. ["Costa"], and Paquet Cruises, Inc. ["Paquet"]. Plaintiff now moves for leave to amend the Complaint, pursuant to Fed.R. Civ.P. 15(a), to add a new defendant, Hellenic Company Overseas Cruise Vessels S.A. ["Hellenic"], the alleged owner of the vessel.

Fed.R.Civ.P. 15(a) permits plaintiff to "amend his pleading only by leave of court or by written consent of the adverse party." The Court's leave "shall be freely given when justice so requires." *Id.* Leave to amend in this case is within the sound discretion of the Court, but ordinarily leave should be granted "absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir. 1981).

Defendants Costa and Paquet argue that leave to amend should be denied because plaintiff's action against Hellenic is allegedly barred by the statute of limitations. 46 U.S.C. § 763a provides a three-year statute of limitations for personal injury actions arising from maritime torts. The owner or manager of a vessel may, however, prescribe a limitation period as short as one year in the contract of passage. *See* 46 U.S.C. § 183b(a); *Catterson v. Paquet Cruises, Inc.,* 513 F.Supp. 645, 647 (S.D.N.Y. 1981). Defendants allege that plaintiff's ticket provided for a one-year limitation period. Defendants assert that, since plaintiff did not commence an action against Hellenic within that one-year period, any action against Hellenic is barred. Consequently, according to Costa and Paquet, leave to amend should be denied.

This argument lacks merit for several reasons. First, even assuming that a one-year limitation period applies to the action against Hellenic, defendants' opposition to the motion to amend the Complaint is not the proper vehicle for raising the issue. It can be asserted by answer as an affirmative defense. *See* Fed.R.Civ.P. 8(c). It need not be asserted at all and, if not asserted, is

waived. *See Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190, 215 (9th Cir.), *cert. denied,* 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964).

Second, the record shows a factual dispute as to whether plaintiff ever received the ticket containing the one-year limitation provision. If plaintiff never received the ticket, he is not bound by the one-year limitation and thus has three years to commence the action. *See Ager v. D/S A/S Den Norske Afrika-OG Australielinie, etc.,* 336 F.Supp. 1187, 1189 (S.D.N.Y.1972).

Third, it is questionable whether the ticket's one-year limitation provision applies to Hellenic. The provision, identified as Article 30 of the "Terms and Conditions of contract of passage and baggage" ["Terms and Conditions"], provides that "[n]o action or proceeding against the *Company* for death or injury of any kind to the passenger shall be instituted, unless ... the action or suit arising therefrom is commenced within one year from the date when the death or injury occurred" (emphasis added). The "Company" is defined by the Terms and Conditions as meaning "Costa Armatori S.p. A." Hellenic is not mentioned.

■ Defendants also argue that leave to amend should be denied, because plaintiff knew or should have known the identity of the vessel's owner at the time he filed the Complaint. This argument lacks merit because prejudice to the opposing party, not the diligence of the moving party, is the crucial factor in determining whether or not to grant leave to amend. *See Jordan v. County of Los Angeles,* 669 F.2d 1311, 1324 (9th Cir.), *vacated on other grounds,* —— U.S. ——, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). Here, defendants have not even attempted to show that they will be prejudiced by the addition of Hellenic as a defendant.

Plaintiff asserts that, even if the applicable statute of limitations has elapsed as to Hellenic, the proposed amendment will relate back to the date of the original pleading. *See* Fed.R.Civ.P. 15(c). Since the Court, in ruling on this motion, does not decide whether plaintiff's action against Hellenic is subject to a one-year or a three-year statute of limitations, the question of whether the amendment relates back is not reached.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for leave to amend the Complaint is granted.