**In re Lezora GILSTRAP, a/k/a Lezora Williams, Debtor.**

**NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Plaintiff,**

v.

**Lezora GILSTRAP, a/k/a Lezora Williams, Defendant.**

**Bankruptcy No. 82 B 10761.**
**Adv. No. 82 5987–A.**

United States Bankruptcy Court,
S.D. New York.

May 5, 1983.

Barbara C. North, Deputy Counsel, Albany, N.Y., for plaintiff New York State Higher Educ. Services Corp.

' Gerald Mann, Dist. Council 37 Municipal Employees Legal Services Plan, New York City, for defendant.

## DECISION AND ORDER ON OBJECTION TO DISCHARGEABILITY OF STUDENT LOAN

EDWARD J. RYAN, Bankruptcy Judge.

On April 23, 1982 Lezora Gilstrap (debtor) filed a petition under Chapter 7 of the Bankruptcy Code. The debtor listed as a debt to be discharged a $2,500 student loan obtained in 1978 from the New York Bank for Savings. This court fixed August 4, 1982 as the last date for creditors to file objections to the dischargeability of any debt.

On August 2, 1982 the New York State Higher Education Services Corporation (NYSHESC), as assignee of the claim of the New York Bank for Savings, mailed a complaint to this court objecting to the dischargeability of the $2,500 student loan. The complaint bears the Bankruptcy Court's "filed" stamp dated August 4, 1982. It was not docketed, though, until August 17, 1982, at which time the filing fee was paid and the original summons and supporting documents were filed.

The basis of the complaint was that the debtor obtained the loan through fraudulent means, and consequently, the loan should not be discharged. NYSHESC alleged, *inter alia,* that the debtor obtained a student loan in 1974 from the Bankers Trust Company, and that the loan is still outstanding.[1] Although she listed it on her amended schedules in bankruptcy, she failed to disclose its existence to the New York Bank for Savings when she applied for a second student loan in 1978. The debtor conceded this nondisclosure in her answer to the complaint.[2]

On November 23, 1982 the debtor moved for summary judgment on the ground that the plaintiff's objection was not timely filed. The debtor alternatively moved to amend her answer to raise an affirmative defense of the expiration of the statute of limitations. The debtor's contention is that NYSHESC's mailing of the complaint two days before the August 4 deadline is insufficient to commence this adversary proceeding.

Bankruptcy Rule 703 provides that an adversary proceeding is commenced by filing a complaint with the court.[3] The issue

---

1. NYSHESC makes no claim against this first loan. The five year statute of limitations period has expired and it is uncollectible. Documentation of this loan, however, is relevant to the issues presented in this motion.

2. The plaintiff, in paragraph six of its complaint, alleged that the debtor failed to list the prior loan on the application for the 1978 loan. The debtor did not address this allegation in her answer. Thus, the allegation is deemed admitted.

3. Bankruptcy Rule 703 is an adaptation of Rule 3 of the Federal Rules of Civil Procedure. Rule 3 provides that "a civil action is commenced by filing a complaint with the court." "Filing" is defined in Rule 5(e) of the Federal Rules of Civil Procedure as "filing ... with the clerk of the court."

Note 4 of the Notes of Advisory Committee on Rules which discuss Rule 3 provides little insight to the requirements of filing. The note indicates that when "a federal or state statute of limitations is pleaded as a defense, a ques-

before this court is whether the complaint is filed when received in the court or when docketed by the clerk.

In *Parissi v. Telechron,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) a notice of appeal was delivered to the United States District Court Clerk prior to the expiration of the statute of limitations, but without the filing fee. The Clerk, in waiting for payment of the filing fee, filed the notice after the statute of limitations had expired. The United States Supreme Court, in reversing the Court of Appeals' dismissal of the appeal as untimely, held that the Clerk's receipt of the document constituted the operative act of filing. The notice of appeal was held to be timely filed because it was received by the court prior to the expiration of the statute of limitations.

Applying *Parissi* to the case at hand and taking into consideration the plain language of the statute, the NYSHESC complaint received by the Clerk of this court must be considered filed as of August 4, 1982, when it was stamped "filed" by this court. Therefore the adversary proceeding was timely commenced.[4]

The debtor's motion for summary judgment is denied.

It is so ordered.

---

tion may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshall for service. The answer to this question may depend on whether it is competent for the Supreme Court exercising the power to make rules of procedure without affecting substantive rights, to vary the operation of statutes of limitations."

4. The underlying facts of the case equitably support this conclusion. The debtor had actual notice of NYSHESC's forthcoming objection to the dischargeability of her debt. On July 21,

1982 an attorney for NYSHESC wrote to the attorney for the debtor advising him of NYSHESC's intention to file an objection to the discharge of the 1978 loan by August 4, 1982. The parties subsequently entered into telephone conversations on the same subject [Plaintiff's Affirmation Opposing Defendant's Motion for Summary Judgment].

Furthermore, even if the complaint had been deemed to have been filed after the August 4 deadline, it is within this court's discretion under Bankruptcy Rule 409(a)(2) to extend the objectant's time to file.