**In re Robert L. VALEU and Marjorie A. Valeu, Debtors.**

**James A. HASBROUCK and Frances A. Hasbrouck, Plaintiffs,**

v.

**Robert L. VALEU and Marjorie A. Valeu; and Valeu and Associates I, and DMI Partnership; and Leroy M. Gilbertson, Leo J. Beauclair, and Dan Mars, Defendants.**

**Bankruptcy No. 84–05314.**
**Adv. No. 85–7042.**

United States Bankruptcy Court,
D. North Dakota.

Aug. 7, 1985.

Robert Busch, Bismarck, N.D., for plaintiffs.

Jack McDonald, Bismarck, N.D., for defendants/debtors.

Leo J. Beauclair, Bismarck, N.D., for defendants/DMI, Gilbertson and Beauclair.

Dan Mars, pro se.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Defendants, Robert and Marjorie Valeu and Valeu and Associates I, filed with the Court on July 11, 1985, a Motion to Strike the above-entitled adversary proceeding. The Brief which the Defendants have filed in support of their Motion cites Bankruptcy Rule 7012(b) and Rule 12(b) of the Federal Rules of Civil Procedure as the bases for their Motion. The Defendants contend that the adversary proceeding should be "struck" by the Court for a lack of process and service of process. A Brief in Opposition to the Defendants' Motion was filed by the Plaintiffs, James and Frances Hasbrouck, on July 29, 1985. The relevant facts as gleaned from the pleadings and court files are, as follows:

### I.

The Debtors, Robert and Marjorie Valeu, filed on June 13, 1984, a petition requesting relief under Chapter 7 of the Bankruptcy Code. A notice was issued and filed November 30, 1984, which scheduled the Debtors' First Meeting of Creditors on December 28, 1984, and set the deadline for filing a complaint to determine non-dischargeability of a debt on February 28, 1985. A Complaint objecting to discharge of a debt under 11 U.S.C. § 523(c) was received by the Clerk of the Bankruptcy Court from the attorney for the Plaintiffs, James and Frances Hasbrouck, on February 28, 1985. The moving Defendants admit in their Brief in support of their Motion receipt by mail on February 28, 1985, a copy of the Complaint with a Summons prepared by the Plaintiffs' attorney. The Complaint received by the Office of the Bankruptcy Clerk was returned to the attorney for the Plaintiffs since it was not accompanied by an adversary cover sheet, Form BC–104. The Complaint was subsequently returned to the Bankruptcy Clerk with the appropriate cover sheet and filed on April 16, 1985. A Summons was issued by the Bankruptcy Clerk on April 16, 1985, and an Amended Summons was issued by the Clerk on May 28, 1985. An Affidavit of Service filed with the Court on June 3, 1985, discloses that the Complaint, Summons, Amended Summons, and Demand for Jury Trial were mailed May 31, 1985, to Jack McDonald, attorney for Robert and Marjorie Valeu and Valeu and Associates I; Leo J. Beauclair, attorney for DMI Partnership, Ltd., LeRoy M. Gilbertson and Leo J. Beauclair; and Dan Mars.

### II.

The Plaintiffs require by their Motion to Strike that the Court in this instance review its procedures for initiating adversary proceedings. Rule 3 of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings under Bankruptcy Rule 7003. Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." F.R.Civ.Pro. 3. Pursuant to bankruptcy instructions promulgated by the Administrative Office of the United States Courts, the Clerk of the Bankruptcy Court requires an adversary cover sheet, Form BC–104 to be filed with each complaint. The Clerk additionally requires payment of a filing fee upon the delivery of a complaint pursuant to 28 U.S.C. § 1930(b). Rule 4(a) of the Federal Rules of Civil Procedure provides that the clerk shall issue a summons and deliver it for

servicing to the plaintiff or the plaintiff's attorney after a complaint has been filed with the court. *See* F.R.Civ.Pro. 4(a). Bankruptcy Rule 7004 provides that Rule 4(a), (b), (d), (e), and (g)–(i) of the Federal Rules of Civil Procedure apply in adversary bankruptcy proceedings. The plaintiff or the plaintiff's attorney is responsible for prompt service of the summons and a copy of the complaint. *Id.* Rule 4(d) of the Federal Rules of Civil Procedure requires that the summons and complaint are to be served together. The summons which is issued by the clerk shall be signed by the clerk and be under seal of the court containing the name of the court and the names of the parties. F.R.Civ.Pro. 4(b). Upon proper service of the summons and complaint, the person serving the process must file with the court proof or an affidavit thereof. F.R.Civ.Pro. 4(g).

FILING OF COMPLAINT.

 The important issue in connection with the filing of the Complaint in this instance is whether the Plaintiffs met the time requirements of Bankruptcy Rule 4007. Bankruptcy Rule 4007(c) requires that a complaint requesting a determination of the dischargeability of any debt pursuant to section 523(c) of the Code be filed within 60 days following the first date set for the first meeting of creditors. The Court notes that the deadline established pursuant to Bankruptcy Rule 4007(c) is to the filing of the complaint and not to the "commencement" of an action or to the issuance or service of the summons. The deadline set in the present instance was February 28, 1985. Notice of this deadline was given to all creditors through a notice issued by the Court on November 30, 1984. There is no evidence that the Plaintiffs in this instance failed to receive notice of the deadline. The particular Complaint initiating this adversary was received by the Office of the Bankruptcy Clerk on February 28, 1985. The Complaint was returned to the Plaintiffs' attorney, however, when it arrived without an adversary cover sheet. The Complaint was subsequently filed and docketed on April 16, 1985. Courts which have been required to judge

when an action is commenced generally follow a flexible approach. Decisions indicate that a complaint is filed and an action commenced whenever it is received by a clerk of the court, whether that complaint is delivered to the office of the clerk or to the clerk at her home after regular business hours. *See Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525, 526–27 (E.D.Pa.1968); *Greeson v. Sherman,* 265 F.Supp. 340, 342–43 (W.D.Va.1967). This flexible approach is supported by Bankruptcy Rule 5001 which provides that the court shall be deemed always open for the purpose of filing any pleading. Bankr.R. 5001(a). Similarly, a bankruptcy court has determined that a complaint was properly filed at the time it was received by the clerk of the court even though the filing fee was not paid until two weeks later. *See In re Gilstrap,* 29 B.R. 368 (Bankr.S.D. N.Y.1983). This Court believes that the failure to pay the filing fee is a greater failure to comply with the filing requirements than simply the failure to provide an adversary cover sheet. The requirement of a cover sheet is not disclosed in any statute or rule of the Court. For these reasons, the Court finds it would be inequitable to foreclose the Plaintiffs from proceeding to the merits of their claim because their Complaint was refused by the Bankruptcy Clerk for failure to supply the adversary cover sheet. The Court will view the Complaint as having been filed on February 28, 1985, the date the Complaint was first received by the Clerk of Court. Accordingly, the Complaint was filed within the deadline established under Bankruptcy Rule 4007(c).

ISSUANCE OF SUMMONS.

 The moving Defendants have complained in their Brief supporting the Motion to strike the action that the Summons which they initially received on February 28, 1985, was defective. Specifically, the moving Defendants claim the Summons was not signed by the Clerk of the Court nor was it issued under the seal of the Court. Use of an improper summons, however, may be viewed by the court as a basis

for dismissal under Rule 12(b)(4) of the Federal Rules of Civil Procedure. Courts may also view the use of improper summons simply as an abuse of their process and dismiss the case under the broad and flexible powers given the courts to prevent such abuse. *See Braxton v. Bi-State Development Agency,* 728 F.2d 1105, 1108 (8th Cir.1984). One court stated, as follows:

> Harmless errors that otherwise give a defendant proper notice, such as misspelling the defendant's name or referring defendant to the complaint for the proper caption, are clearly amendable *nunc pro tunc* under Rule 4(h). *See Newman v. Prior,* 518 F.2d 97, 99 (4th Cir.1975); 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1088 (1969). Service of an unsigned and unsealed summons, however, is a more serious infraction for which a court, in its discretion, need not allow amendment. Such service may demonstrate a flagrant disregard for the rules and fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney....

*Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1358 (S.D.N.Y. 1982) (citations omitted). The moving Defendants in this instance contend that the action of the Plaintiffs amounted to harassment. The Court can only find, however, that the action taken by the Plaintiffs was a good-faith effort to properly commence their suit and was not done to harass or maliciously disturb the Defendants. While the Plaintiffs did initially serve an unsigned and unsealed Summons upon the attorney for the moving Defendants, a proper Summons was subsequently received and served upon those Defendants. The Court must conclude that any abuse of process arising from use of an improper summons was cured by the Plaintiffs' subsequent service of an official Summons with a copy of their Complaint.

## SERVICE OF PROCESS.

■ It is the responsibility of the plaintiff after filing the complaint to serve upon each of the defendants an official summons together with a copy of the complaint. F.R.Civ.Pro. 4(a), (d). Failure to properly serve the summons and complaint upon the defendants is a basis for an objection under Rule 12 of the Federal Rules of Civil Procedure. *See* F.R.Civ.Pro. 12(b)(5). The service of process must comply with technical requirements of the Rules as well as due process considerations of "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). Improper service of the summons and complaint not only gives rise to an objection for insufficiency of process but also for a lack of jurisdiction. The United States Supreme Court has stated that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946). Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction. *See Leab v. Streit,* 584 F.Supp. 748, 760 (S.D.N.Y.1984); *Rixner v. White,* 417 F.Supp. 995, 997 (D.N.D. 1976) ("Although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction.") Rule 7004(f) of the Bankruptcy Rules requires that the summons and complaint be delivered or deposited in the mail within ten days following issuance of the summons. In the present instance, a summons was initially issued by the Court on April 16, 1985. A second Summons was issued by the Court on May 28, 1985, and the Affidavit of Service filed with the Court indicates that the Summons

and Complaint were deposited in the mail on May 31, 1985. While the initial Summons was not timely served upon the Defendants, the Amended Summons together with a copy of the Complaint were mailed within the ten days required under Bankruptcy Rule 7004(f). Rule 7004(f) provides that if a summons is not timely delivered or mailed, another summons shall be issued and served. Nevertheless, plaintiffs are required to use due diligence in making service of process, and courts will dismiss an action where there is substantial delay between the filing of the complaint and service of the summons. *See Edwards v. Edwards,* 754 F.2d 298, 299 (8th Cir.1985) (court determines it was proper to dismiss complaint where 170 days had passed between filing of complaint and dismissal without any service of the summons and where trial court warned plaintiff of forthcoming dismissal in the event service was not made); *Blaha v. A.H. Robbins & Co.,* 536 F.Supp. 344, 349 (W.D.Mich.1982) (court dismissed action citing lack of due diligence where service was not completed until nearly four years after complaint was filed). The circumstances surrounding initiation of the present adversary proceeding do not disclose that an expired summons was used for servicing or that the Plaintiffs exercised any substantial delay in the servicing process.

■ Service of process by first class mail is governed in bankruptcy proceedings under Bankruptcy Rule 7004(b). Where a debtor is a defendant to an adversary proceeding, Bankruptcy Rule 7004(b)(9) requires that the summons and a copy of the complaint be mailed both to the address of the debtor and the post office address of his attorney. The Plaintiffs to this proceeding only mailed the Summons and Complaint to the attorney for the Debtors. Service of process was improper in this instance since the Plaintiffs neglected to follow the technical requirement of mailing a summons and copy of the complaint to the Debtors' address. The deficient service of process leaves this Court without jurisdiction over the Debtors who are Defendants to this proceeding.

■ A consequence of improper service of process is a motion to dismiss under Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure. Dismissal is not required where service is ineffective; under such circumstances, the Court has discretion to either dismiss the action or quash service but retain the case. *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976). While an action is subject to dismissal for abuse of process, it is for the trial court to determine what departures from its rules may be overlooked. *Braxton,* 728 F.2d at 1107, 1108. Failure to properly serve a defendant with a summons is a defect in process which may be cured under Rule 4(h) of the Federal Rules of Civil Procedure. *See Smith v. Boyer,* 442 F.Supp. 62, 63 (W.D.N.Y.1977). Courts have recognized that improper service of process may be voluntarily cured by subsequent proper service. *See Myers v. John Deere Ltd.,* 683 F.2d 270, 272 (8th Cir.1982). Where service of a new summons would be an exercise in futility, the court will merely dismiss the action. *See Smith v. Boyer,* 442 F.Supp. at 64, 65. The issue raised is akin to considerations undertaken by a court when determining whether to allow the change or addition of a party to an action under Rule 15 of the Federal Rules of Civil Procedure. The primary consideration in allowing a cure of the improper service is the harm to the defendants. *See Smith v. Boyer,* 442 F.Supp. at 64; *Smith v. Coastal Lines, Inc.,* 97 F.R.D. 451, 453 (N.D.Cal.1983) ("[P]rejudice to the opposing party, not the diligence of the moving party, is the crucial factor in determining whether or not to grant leave to amend"). The prejudice to consider in the application of Rule 4(h) in this instance appears minimal. Certainly, no rights of the Defendants are affected by requiring further service of process, and there is no evidence that further efforts to properly serve the summons and complaint would be futile. Accordingly, the Court will direct that the Plaintiffs obtain a new summons and serve it upon the Defendants in accordance with Bankruptcy Rule 7004(b)(9).

■ An additional basis for a motion to dismiss under Rule 12(b) is a failure to state a claim upon which relief can be granted. F.R.Civ.Pro. 12(b)(6). The Complaint filed in this proceeding generally requests that the Court make a determination of non-dischargeability. Such a determination is normally within the powers of the bankruptcy court. *See* 28 U.S.C. § 157(b)(2)(I). A number of the Defendants to this proceeding are not debtors who have petitioned the court for discharge of their debts. It would be inappropriate for this Court, therefore, to make a determination of non-dischargeability when there has been no request from the Defendants for a discharge of the debt. Accordingly, the Court will order a dismissal of the proceeding as against all of the Defendants except Robert and Marjorie Valeu. For the reasons stated,

IT IS ORDERED:

That this adversary proceeding be DISMISSED against Valeu and Associates I, DMI Partnership, LeRoy Gilbertson, Leo J. Beauclair, and Dan Mars;

That James and Frances Hasbrouck make application to the Court for issuance of additional summons and properly serve the Defendants, Robert and Marjorie Valeu, in accordance with Bankruptcy Rule 7004.