**In re Donald C. HOROB, Debtor.**

**WILLISTON COOPERATIVE CREDIT UNION, Plaintiff,**

v.

**Donald C. HOROB, Defendant.**

**Bankruptcy No. 85–05281.
Adv. No. 85–7088.**

United States Bankruptcy Court,
D. North Dakota.

Oct. 15, 1985.

694

Michael Dostie, Williston, N.D., for plaintiff.

John MacMaster, Williston, N.D., for defendant.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter comes before the Court on Motion for Summary Judgment filed by the Debtor/Defendant on September 26, 1985. The sole basis for the present Motion is that the Plaintiff, Williston Cooperative Credit Union, did not timely commence its action for relief under section 523(c) of the Bankruptcy Code. The Credit Union resists, and both parties have filed Briefs.

### 1.

The Debtor filed his Petition under Chapter 7 of the Code on May 10, 1985. A Notice was issued on June 4, 1985, scheduling the First Meeting of Creditors for June 24, 1985, and setting the deadline for filing a complaint to determine dischargeability of a debt under section 523(c) on August 23, 1985.

A Complaint based upon section 523(c) and dated August 22, 1985, was received by the Clerk of the Bankruptcy Court on August 23, 1985, and was marked "Filed" as of 10:39 a.m. on that date. The Complaint was not, however, accompanied by the requisite filing fee, nor was it in an adversary form setting forth the names of the Plaintiff and Defendant in its caption. Although filed on August 23, 1985, the Clerk, by letter dated August 23, 1985, advised Plaintiff's counsel that no summons would be issued until the corrections were made. A copy of the Complaint was served by mail upon Debtor's counsel on August 26, 1985, and was acknowledged by him. Apparently, the Complaint was not served upon the Debtor himself.

Thereafter, the Credit Union, in compliance with the Clerk's request, mailed an Amended Complaint in proper form, along with a cover sheet and filing fee. The Clerk received these documents on September 3, 1985, and filed the Amended Complaint as of September 3, 1985. A Summons was issued on September 3, 1985, and was deposited in the mail on September 6, 1985, addressed to the Debtor and his attorney. The Debtor filed his Answer on September 26, 1985, alleging that the Complaint was not timely filed.

### 2.

Rule 3 of the Federal Rules of Civil Procedure is made applicable to bankruptcy proceedings by Bankruptcy Rule 7003. Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Pursuant to bankruptcy instructions promulgated by the Administrative Office of the United States Courts, the Clerk of the Bankruptcy Court requires an adversary cover sheet to be filed with each complaint. The Clerk, in addition, requires payment of a filing fee upon the delivery of a complaint pursuant to 28 U.S.C. § 1930(b). Rule 4(a) of the Federal Rules of Civil Procedure provides that the clerk shall issue a summons and deliver it for servicing to the plaintiff or the plaintiff's attorney after a complaint has been filed with the court. Rule 4(a) is made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7004. By application of this Rule, the plaintiff or the plaintiff's attorney is responsible for the prompt service of the summons, together with a copy of the complaint. Rule 4(d) of the Federal Rules of Civil Procedure requires that the summons and complaint be served together. The summons, which is issued by the clerk, is to be signed by the clerk and be under seal of the court containing the name of the court and the names of the parties. Upon proper service of the summons and complaint, the person serving the process is to file with the court proof of service.

The important issue in connection with the filing of the Complaint in the present case is whether the Credit Union met the time requirements of Bankruptcy Rule 4007. Bankruptcy Rule 4007(c) requires that a complaint requesting a determination of the dischargeability of any debt pursuant to section 523(c) of the Code be filed within 60 days following the first date set for the first meeting of creditors. It must be noted that the deadline established pursuant to Bankruptcy Rule 4007(c) is as to the *filing* of the complaint. It is not the mailing of the complaint which evidences

commencement of an adversary proceeding, nor is it the issuance or service of the summons; but rather, it is the actual filing of the complaint with the clerk's office. As previously noted in the decision of *In re Perrin,* 55 B.R. 401, decided May 2, 1985, cited by the Debtor, the time prescribed by Rule 4007(c) is absolute unless extended by motion made prior to expiration of the 60-day period.

■ Decisions indicate that a complaint is filed and an action commenced whenever it is received by a clerk of the court, whether that complaint is delivered to the office of the clerk or to the clerk at her home after regular business hours. *See Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525 (E.D.Pa.1968); *Greeson v. Sherman,* 265 F.Supp. 340 (W.D.Va. 1967). Similarly, this Court has previously determined that an adversary complaint is properly filed at the time it was received by the clerk of the bankruptcy court even though the filing fee was not paid at the time. *In re Valeu,* 53 B.R. 549 (Bankr.N. D.1985). *See also In re Gilstrap,* 29 B.R. 368 (Bankr.S.D.N.Y.1983). This Court believes that the failure to pay the filing fee in the first instance and the failure to provide an adversary cover sheet should not operate to foreclose the Credit Union from proceeding to the merits of its claim. The Court regards the Complaint as having been filed on August 23, 1985, the date the original Complaint was first received and filed by the Clerk of Bankruptcy Court.

Accordingly, the Complaint is deemed to have been filed within the deadline established under Bankruptcy Rule 4007(c).

### 3.

■ It is the responsibility of a plaintiff, after filing its complaint, to serve upon the defendant an official summons, together with a copy of the complaint. Failure to properly serve the summons and complaint may be a basis for an objection under Rule 12(b)(5) of the Federal Rules of Civil Procedure. The service of process must comply with technical requirements of the Rules as well as the due process considerations of "fair play and substantial justice". *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). Improper service of the summons and complaint not only gives rise to an objection for insufficiency of process but may also give rise to an objection based on lack of jurisdiction. The Debtor, in his Answer, has not admitted jurisdiction of this Court, hence raising the question. The United States Supreme Court has stated that "service of a summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the parties served." *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946). Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction. *Leab v. Streit,* 584 F.Supp. 748, 760 (S.D.N.Y. 1984); *Rixner v. White,* 417 F.Supp. 995, 997 (D.N.D.1976) ("although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction."). Although Rule 4(d) of the Federal Rules of Civil Procedure (applicable by Bankruptcy Rule 7004(a)) provides that the summons and complaint shall be served together, the failure to provide simultaneous service is not fatal in every instance. Rule 7004(f) provides that if a summons is not timely delivered or mailed, another summons may be issued which suggests that lack of simultaneous service is not de facto fatal to jurisdiction. Nevertheless, plaintiffs are required to use diligence in making service of process, and courts will dismiss an action where there is substantial delay between the filing of the complaint and service of the summons. *See Edwards v. Edwards,* 754 F.2d 298 (8th Cir.1985), where the court determined that it was proper to

dismiss a complaint where 170 days had passed between the filing of the complaint and dismissal without any service of the summons having been accomplished. *See also Blaha v. A.H. Robins & Co.*, 536 F.Supp. 344 (W.D.Mich.1982), where the action was dismissed where service of the summons was not completed until nearly four years after the complaint had been filed. Courts have recognized the improper service of process may be voluntarily cured by subsequent proper service. *See Myers v. John Deere Ltd.*, 683 F.2d 270 (8th Cir. 1982). The primary consideration in such instances is whether curing of an improper service would operate to the detriment of the defendant. *Smith v. Costa Line, Inc.*, 97 F.R.D. 451 (N.D.Cal.1983). The circumstances surrounding initiation of the present adversary proceeding do not disclose that the Credit Union exercised any substantial delay in the servicing process. The Court deems the September 3, 1985, Summons to be timely, and its service upon the Debtor comports with the notions of fair play and substantial justice.

Accordingly, and for the reasons stated, the Debtor's Motion for Summary Judgment is DENIED.