**Bobbie T. COSPER, Plaintiff,**

v.

**Mark Evan FREDERICK, Defendant.**

**Bankruptcy No. 86–9121.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Dec. 5, 1986.

Matthew Burns, Destin, Fla., for Cosper.

Patricia S. Warren, Ft. Walton Beach, Fla., for Frederick.

## ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on to be heard upon the debtor/defendant's motion to dismiss the plaintiff's complaint to determine dischargeability. The motion to dismiss is based upon the alleged untimely filing of the complaint; the debtor asserts that the complaint was filed past the deadline specified by the Bankruptcy Rule 4007(c), and that no motion to extend the filing bar date was timely filed.

The Court concurs in the debtor's discussion of the applicable law, however, notes the additional facts regarding the chronology of events as stated by the plaintiff herein, to wit: the § 523(c) complaint was received by the Clerk of Court on the filing deadline, but the Clerk postponed the filing thereof because the complaint was not accompanied by a cover sheet or filing fee, and the first page of the complaint did not have room for an adversary case number. The Clerk advised the plaintiff of these procedural defects whereupon the plaintiff submitted the revised pleading and filing fee. The complaint as revised was then filed by the Clerk on August 14, 1986, ten (10) days after the filing deadline imposed in this proceeding.

There is no express code provision or rule requiring that a complaint be accompanied by a cover sheet and filing fee before the Clerk is allowed to accept it for filing. Nor does this court have a controlling local rule regarding defective pleadings. However, the court has reviewed the duties of the Clerk of Court, the policy underlying the pertinent filing deadline, and numerous cases dealing with the issue of defective pleadings.

■ The Court concurs with the dicta in *In re Whitfield*, 41 B.R. 734 (AR 1984), that

"It is for this Court and not the clerk, however, to determine the legal sufficiency of documents tendered for filing. This is especially true when the actions of the clerk result to alter the substantive rights of the parties."

■ The Court further concurs with the statement of purpose behind the filing deadlines as expressed in *In the Matter of Robinson*, 506 F.2d 1184, 1186 (2nd Cir. 1974):

The purpose of a filing deadline is to bring the bankruptcy proceeding to an end and to permit an expeditious determination of whether there is any reason why the bankrupt should not be discharged. Here this purpose was fully accomplished by the bank's act of filing its objections within the required time period. Whether the filing fees were paid on that day, the next day, or the next week does not effect (sic) the fulfillment of the deadlines purpose.

■ The case of *In re Horob*, 54 B.R. 693, 13 B.C.D. 971 (ND 1985), holds that the mere failure to pay a filing fee and attach an adversary cover sheet to the complaint would not operate to foreclose the plaintiff from proceeding to the merits of its claim. (*See also, In re Gilstrap*, 29 B.R. 368 (NY 1983)). Although in the cited cases the Clerk of Court had actually

marked the original pleading "Filed" upon its receipt, this Court finds that distinguishing fact of no moment. As stated in *In re Horob, supra:*

> Decisions indicate that a complaint is filed and an action commenced whenever it is *received* by a clerk of the court, whether that complaint is delivered to the office of the clerk or to the clerk at her home after regular business hours. (emphasis added).

Thus there is no magic in the actual marking of the pleading "Filed".

The plaintiff herein tendered the original pleading timely. The procedural defects were corrected and the complaint resubmitted within ten (10) days thereafter. This court deems the complaint timely.

In recognition of the absence of statutory direction on this issue, this Court shall endeavor to draft a local rule in accord with that recited in *In re Delillo*, 5 B.R. 692 out of the District of Massachusetts, 1980:

> ... If amended to substantially comply with the rules or if the appropriate filing fee is paid within the ten (10) days, the date of filing will be considered to be the date of the first presentation for filing.

As to the defendant's assertion that the plaintiff filed no claim herein and should thus be barred from filing the subject complaint, this Court knows no such prerequisite. The applicable rule states that a complaint may be filed by "any creditor". Rule 4007(a). A "creditor" is an "entity that *has* a claim against the debtor ..." Section 101(9)(A) (emphasis added). There is no requirement that said claim be filed or allowable. It is accordingly

ORDERED AND ADJUDGED that the defendant's amended motion to dismiss be, and it hereby is, denied.