In re Edward Harrell **EMORY,** Jr., **Debtor.**

Joel L. **KIRKLEY,** Jr., **Plaintiff,**

v.

Edward Harrell **EMORY,** Jr., **Defendant.**

Bankruptcy No. 97–04936–W.
Adversary No. 97–80298–W.

United States Bankruptcy Court,
D. South Carolina.

Feb. 11, 1998.

---

Joel L. Kirkley, Jr., Charlotte, NC, Pro se.

Beattie B. Ashmore, Greeenville, SC, for Defendant.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the motion filed by the Debtor, Edward Harrell Emory, Jr. ("Debtor" or "Mr. Emory") to dismiss this adversary proceeding for not being filed timely pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.[1] Based upon the presentation of the Debtor's counsel and the Plaintiff ("Plaintiff" or "Mr. Kirkley") who appeared pro se[2], the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On June 11, 1997, the Debtor filed his voluntary Chapter 7 petition. The Court set a deadline of September 16, 1997 for filing complaints objecting to discharge or dischargeability of a particular debt. On September 16, 1997, Mr. Kirkley submitted his complaint to the Clerk of Court objecting to the discharge of the Debtor. However, a filing fee for the complaint was not sent with the complaint and therefore the Clerk of Court's office marked the complaint received on September 16, 1997 but did not mark or treat it as filed. Apparently, the complaint was not refused and returned to the Plaintiff but the Plaintiff was notified to forward the filing fee. The filing fee was subsequently forwarded and received on September 22, 1997 by the Court at which time the complaint was marked filed and a summons was issued. The Debtor filed an answer on October 24, 1997.

On December 8, 1997, this Court conducted a pre-trial conference and entered a scheduling order which scheduled a final pre-trial conference for February 3, 1998, set forth the deadline of January 16, 1998 to file all motions involved in this adversary proceeding and a deadline of January 26, 1998 to file all objections or responses to any motions. On January 16, 1998, the within motion to dismiss was filed by the Debtor. On January 22, 1998, the Court sent a notice to the parties advising them of the hearing on the motion to dismiss. The notice contains language directing any party responding to the relief sought in the motion to file a written response in the office of the Clerk of Court pursuant to rules of the court. Mr. Kirkley did not file a written response by either the deadline set in the scheduling order or otherwise in accordance with the rules of this Court.[3] However, Mr. Kirkley did

---

1. Further references to the Federal Rules of Bankruptcy Procedure shall be by rule number only.

2. Mr. Kirkley is an attorney but is not licensed to practice in this Court.

3. SC LBR 9014-1 provides as follows:

When any order, plan, notice, statute, rule, pleading or any other document, (any one of which is hereinafter referred to as the "document") notices parties in interest which oppose the relief being sought to make a written objection, return, or response, the objection shall:
   (1) Be written and properly captioned in accordance with Bankruptcy Rule 9004;
   (2) Set forth with particularity the reasons for opposition, citing applicable statutes, rules and controlling case law; and,
   (3) Be served on all parties in interest, and filed in the office of the clerk of this court, along with a certificate of service, not later than five (5) days (excluding Saturdays, Sundays and official holidays) prior to any hearing on the document unless a different time is prescribed by the court or by these Local Bankruptcy Rules;* or, if no hearing is set, not later than the deadline given in the document giving notice of the proposed action to which the objection is being filed.
Any objecting party failing to comply with this procedure may be denied the opportunity to ap-

appear at the hearing to object to the motion to dismiss.[4]

## CONCLUSIONS OF LAW

As an initial matter, the Debtor opposes the Plaintiff's objection to the motion to dismiss based upon the Plaintiff's failure to observe the deadlines imposed by the Court and in failing to file a written response to the motion. While the Court is concerned about the Plaintiff ignoring deadlines for objections in this adversary proceeding and finds no justifiable excuse offered by the Plaintiff, based upon the importance of the underlying issues, the Court will consider the Plaintiff's objection and address the merits of the motion to dismiss for failure to timely file the complaint pursuant to Rule 4004.[5]

Rule 4004(a) of the Federal Rules of Bankruptcy Procedure provides that a complaint objecting to the discharge of a debtor pursuant to 11 U.S.C. § 727 shall be filed not later than 60 days following the first meeting of creditors. The Debtor takes the position that because this adversary proceeding was not filed by the deadline of September 16, 1997, but only received, that the complaint must be dismissed as untimely.

Rule 5(e) of the Federal Rules of Civil Procedure, which is incorporated into the Federal Rules of Bankruptcy Procedure in adversary proceedings through Bankruptcy Rule 7005, is captioned "Filing with the Court Defined," yet its definition of filing is less than complete.

Rule 5(e) states:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Rule 5(e) answers the "who" and "where" of the filing inquiry, but not the "how"; it tells us that litigants must file documents with the clerk of the court, or, on occasion, with the judge, but it does not tell us what procedure must be followed, if any, before a document may be deemed filed.

*Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir.1991).

In 1988, the United States Supreme Court expounded on the definition of the term "filing" in its *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) opinion in which the Court held that a prisoner's notice of appeal from a judgment dismissing his habeas corpus petition was deemed filed upon its delivery to prison officials rather than filing with the clerk of court. In 1991, the Fourth Circuit Court of Appeals expanded on this ruling in *Lewis v. Richmond City Police Dept.*, 947 F.2d 733 (4th Cir.1991) in which the Fourth Circuit held that a civil complaint pursuant to 42 U.S.C. § 1983 was "filed" within meaning of civil procedure rules pertaining to commencement of action and filing of pleadings when the prisoner delivered the complaint to prison authorities for mailing to the clerk of the district court, and not when the clerk of the district court received the complaint.

The language of Federal Rule of Civil Procedure 5(e) is so similar to the Rules at issue in *Houston* (Federal Rules of Appellate Procedure 3(a) and 4(a)(1)) that it

---

pear and to be heard in the proceeding before the court.

**4.** On January 28, 1998, Mr. Kirkley faxed a letter to the Court asking for a continuance of the February 3, 1998 hearing on the motion to dismiss. On January 30, 1998 a reply fax was sent to Mr. Kirkley advising him that a continuance would be granted and that the Debtor's attorney, who was scheduled to appear in Court on that date in a related matter, could ask for the continuance on the record on Mr. Kirkley's behalf at that time. Despite this reply fax, Mr. Kirkley was present for the February 3, 1998 hearing

and advised that he was ready for the motion to be heard at that time.

**5.** While *pro se* litigants may be given a little more latitude by the courts, Mr. Kirkley is a licensed attorney in the State of North Carolina and may therefore be expected to have knowledge of, and a greater appreciation of, the judicial system. By filing the within complaint in this Court, he has agreed to abide by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court and will hereafter be held to such in a more strict fashion.

permits an identical interpretation. Fed. R.Civ.P. 5(e) states, "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court. . . ." (emphasis added). Fed.R.App.P. 3(a) provides, in pertinent part, "An appeal . . . shall be taken by filing a notice of appeal with the clerk of the district court. . . ." Fed.R.App.P. 4 says that a notice of appeal "shall be filed with the clerk of the district court. . . ." The Supreme Court interpreted the Appellate Rules to require only that the pleading be "directed to" the clerk of the district court when it is delivered to jail officials. Houston's interpretation of "filing" is therefore suitable to the present case.

*Lewis v. Richmond City Police Dept.,* 947 F.2d 733 (4th Cir.1991). *Also see* 4 *Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure:* Civil 2d § 1055 and 4A *Wright, Miller, Federal Practice and Procedure:* Civil 2d § 1153.

The issue for this Court is much more narrow than the issue in *Houston v. Lack* and *Lewis v. Richmond City Police Dept.* as the document was actually received by the Clerk of Court in a timely manner, however, it was not accompanied by the required filing fee. Numerous other courts have confronted this same dilemma. In *In re Pace,* the Court held that a document that was entitled "Objection to Discharge" but which did not contain a signed filing fee check and contained other procedural defects, was a timely filed complaint.

> Bankruptcy courts have utilized the principles of equity in decisions dealing with failure to fulfill exact filing requirements and deadlines. The bankruptcy court in *Cosper v. Frederick,* 73 B.R. 636 (Bankr. N.D.Fla.1986), held that a complaint is "filed" upon receipt of the complaint by the clerk of the court, even though the clerk returned the complaint to the complainant due to lack of a cover sheet and a filing fee. The court noted that the purpose of filing deadlines was served by the complainant's filing its complaint, though defective, before the set time limit. *Id.* The Eleventh Circuit Court of Appeals held in

*Rodgers ex rel. [on Behalf of] Jones v. Bowen,* 790 F.2d 1550, 1552 (11th Cir.1986) that a complaint is filed when it is in the actual or constructive possession of the clerk of the court, regardless of whether the filing fee is paid in a timely manner.

This Court finds that the document filed by the Plaintiffs with the Clerk of the Court on September 24, 1990 was timely under Bankruptcy Rules 4007(c) and 4004(a). The Clerk received the document before the running of the time limit and, from the document's language, was able to discern that the document was a defectively filed complaint.

*In re Pace,* 130 B.R. 338 (Bkrtcy.N.D.Fla. 1991). The United States Bankruptcy Court for the Southern District of Texas has also held that a complaint objecting to discharge is timely filed even if not accompanied by a filing fee.

> The [debtors] argue that the creditors' complaint for purposes of commencing an action, was not timely filed within the time period of Bankruptcy Rule 4004(a), because it wasn't filed under a separate cause number as an adversary proceeding and they failed to pay a filing fee. The bankruptcy courts have had before them similar situations. *In re Whitfield,* 41 B.R. 734 (Bankr.W.D.Ark.1984); *Cosper v. Frederick,* 73 B.R. 636 (Bankr.N.D.Fla.1986); *In re Brenesell,* 109 B.R. 412 (Bankr.Haw. 1989); *In re Valeu,* 53 B.R. 549 (Bankr. N.D.1985). In *Whitfield,* the creditor's original complaint objecting to discharge was received by the clerk's office within the deadline set by Bankruptcy Rule 4004(a). Although the complaint was not accompanied with a bankruptcy cover sheet and filing fee, the Court held that the complaint was nevertheless filed within the time limit. *Whitfield,* 41 B.R. at 736. Similarly, in *Valeu,* the Court held that the mere failure to pay a filing fee and attach a cover sheet to the complaint would not operate to foreclose the plaintiff from proceeding to the merits of its claim. *Valeu,* 53 B.R. at 552.
>
> Other court decisions indicate that a complaint is filed and an action is commenced whenever it is received by the

clerk of the court, whether that complaint is delivered to the office of the clerk or to the clerk at her home after regular business hours. *In re Horob,* 54 B.R. 693 (Bankr.N.D.1985); *In re Brenesell,* 109 B.R. 412 (Bankr.Haw.1989). The courts have had prior occasions to consider analogous situations like the present case, where it was held that a complaint objecting to dischargeability was timely filed, despite the fact that a filing fee had not been paid. *In re Caballer,* 120 B.R. 575 (Bankr.Colo.1990); *Matter of Boothe,* 84 B.R. 636 (Bankr.Neb.1988); *In re Spearman,* 68 B.R. 25 (Bankr.E.D.N.Y.1986). *In re Sherf,* 135 B.R. 810 (Bkrtcy.S.D.Tex. 1991).

During the time that these opinions were being issued, in December of 1991, Rule 5(e) of the Federal Rules of Civil Procedure was amended to clarify that the clerk of court shall not refuse to accept for filing any document because it is not presented in the proper form.

**(e) Filing with the Court Defined.** The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. *The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or my local rules or practices.*

F.R.Civ.P., Rule 5(e) (emphasis added). The purpose behind this amendment was stated in the advisory committee notes.

Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision. The enforcement of these rules and of the local rules is a role for a judicial officer. A clerk may of course advise a party or counsel that a particular instrument is not in proper form, and may be directed to so inform the court.

Advisory Committee Notes; 1991 Amendments.

A good overall review of this amendment was stated by the Sixth Circuit Court of Appeals in its *In re Toler,* 999 F.2d 140 (6th Cir.1993) opinion which held that a nondischargeability complaint was timely filed even though the creditor did not file a summons simultaneously with the complaint. In *Toler,* the clerk of court had received a complaint objecting to the dischargeability of a particular debt but when it was discovered that the plaintiff did not include a summons with the complaint in accordance with the local rules of the court, the filed stamp mark was effaced and the complaint returned to the plaintiff. After a new complaint with a summons was filed, the Debtor filed a motion to dismiss the new complaint as being untimely. The bankruptcy court granted the motion to dismiss which was affirmed by the district court. However, the Sixth Circuit Court of Appeals reversed and found that the initial complaint, even though defective, was timely filed.

Prior to December 1, 1991, exactly what steps were required to "file" a document with the court was a matter of much controversy and ambiguity. *See* FEDERAL PRACTICE AND PROCEDURE § 1153 (Charles Wright & Arthur Miller, eds., 2d ed.1987). Effective December 1, 1991, however, Rule 5 of the Federal Rules of Civil Procedure has been amended to provide, in pertinent part: "The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Therefore, as of December 1, 1991, filing of a complaint under the Fed-

eral Rules of Civil Procedure, which are incorporated into the Bankruptcy Rules under Bankruptcy Rule 7005, is accomplished when the complaint is delivered to the clerk of the appropriate court.

Although New Boston tendered its complaint to the bankruptcy court before this amendment to the Federal Rules of Civil Procedure, this amendment strongly influences our interpretation of Bankruptcy Rule 4007(c) and Bankruptcy Rule 7005 as they existed on October 17, 1991. Even for documents tendered to a court clerk prior to December 1, 1991, we hold that filing takes place when the documents are tendered to the court clerk, local rules notwithstanding. *Cf. Wilson v. City of Zanesville,* 954 F.2d 349, 352–53 (6th Cir. 1992) (local rules may not alter requirements of the Federal Rules of Civil Procedure).

Our holding today resolves a conflict that has existed in this circuit between two prior, inconsistent decisions. In *Carter v. Lack,* 869 F.2d 1489 (6th Cir.1989) (unpublished opinion), this court held that a complaint should not be considered filed when it is tendered to the clerk of the appropriate court until all filing prerequisites have been met. In *Sammons v. Phillips,* 956 F.2d 270 (6th Cir.1992) (unpublished opinion), this court, without reference to *Carter,* held that complaint can be considered to be filed even if it contains "various deficiencies." In light of the recent amendments to the Federal Rules of Civil Procedure, we are confident that we should follow the guidance of *Sammons* rather than *Carter* and hold that a complaint is deemed to be filed when it is tendered to the clerk of the appropriate court.

Other bankruptcy courts have also taken a contrary position to that taken here. The consistent rule has been that the filing of a document takes place when it is tendered to the bankruptcy court clerk. *E.g., Cosper v. Frederick,* 73 B.R. 636 (Bankr. N.D.Fla.1986); *In re Horob,* 54 B.R. 693 (Bankr.N.D.1985); *In re Whitfield,* 41 B.R. 734 (Bankr.W.D.Ark.1984). Mistakes or errors can be corrected after the document has been filed.

*In re Toler,* 999 F.2d 140 (6th Cir.1993). The Third Circuit Court of Appeals has also addressed the problems associated with a clerk of court receiving a document without a prescribed filing fee and how such a document must be at least constructively considered filed.

We also agree with the district court's conclusion that remittance of a filing fee is not jurisdictional and that the clerk should have accepted McDowell's complaint despite his failure to submit a filing fee or request IFP status. Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiffs request to proceed in forma pauperis. *See Rodgers ex rel. [on Behalf of] Jones v. Bowen,* 790 F.2d 1550, 1551–52 (11th Cir. 1986) (holding that a complaint is deemed "filed" for statute of limitations purposes when actually or constructively received by the court clerk—despite the untimely payment of the filing fee); *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 547 (5th Cir.1978) (holding that the untimely payment of the filing fee does not vitiate the validity of a timely filed complaint). *Cf. also Parissi v. Telechron, Inc.,* 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (per curiam) (untimely payment of a filing fee under 28 U.S.C. § 1917 does not vitiate the validity of a notice of appeal); *Gould v. Members of New Jersey Div. of Water Policy & Supply,* 555 F.2d 340, 341 (3d Cir.1977) ("It is thus clear that the filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office.").

*McDowell v. Delaware State Police,* 88 F.3d 188 (3rd Cir.1996). The Fifth Circuit Court of Appeals has also addressed this issue and the problems that arise if a document is improperly rejected.

Our research has unearthed no federal case law addressing the applicability of rule 5(e) when the clerk of court rejects pleadings that fail to conform with plead-

ing requirements of the Federal Rules of Civil Procedure. However, cases discussing rejection based upon the lack of conformity with local rules are persuasive because obstruction based on nonconformity infringes the same policy considerations whether federal or local rules disqualify a pleading. *See Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987) (where the clerk erroneously rejected the complaint filed with an application for in forma pauperis rather than the filing fee, the appellate court noted that the plaintiff in an employee discrimination case initiated proceedings within the 90 day period because the complaint was regarded as "filed" when placed in the custody of the clerk within the statutory period although it failed to comply with form requirements); *Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 920–21 (9th Cir.1987) (holding that appellant constructively filed his complaint when he delivered it to the clerk of court although he was not in compliance with local rules because he did not punch two holes at the top of the pleading and did not submit a civil cover sheet or in compliance with federal rules because he overpaid the filing fee); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280 (9th Cir.1983) (where the clerk rejected the plaintiff's timely presented complaint because it was typed on 8 1/2 by 13 paper instead of 8 1/2 by 11 paper, the appellate court commented: "This was error. A copy of the complaint arrived in the hands of the Clerk within the statutory period. To uphold the Clerk's rejection of it would be to elevate to the status of a jurisdictional requirement a local rule designed merely for the convenience of the court's own record keeping; the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules"). *McClellon v. Lone Star Gas Co.*, 66 F.3d 98 (5th Cir.1995).

The *Toler* decision held that filing takes place when the documents are tendered to the court clerk, "*local rules notwithstanding.*" In this district, Local Rule 5005–1 provides that documents submitted for filing that do not conform with certain criteria, including the filing of documents without the required filing fee, shall be returned by the clerk pursuant to Local Rule 5005–2. Local Rule 5005–2(a) provides as follows:

(a) **Return of Documents.** The clerk shall *accept*, time-stamp and return, prior to submission to a judge for consideration, any document which is submitted with the deficiencies enumerated in paragraph (b). When returned by the clerk, the document shall be accompanied by a notice specifying the deficiencies therein. If the document is resubmitted with the deficiencies corrected, the clerk shall then submit the document to a judge for consideration.

SC LBR 5005–2(a) (emphasis ·added). Because the Local Rules require the clerk of court to accept and time stamp all documents, including those without a filing fee, prior to returning the document and because the filing fee was paid within six (6) days of the complaint, based upon the reasoning enumerated in the case law cited above and the language of Rule 5(e), it is the opinion of the Court that while the Plaintiff's complaint was marked "filed" on September 22, 1997, it was constructively "filed" on the day it was received by the clerk of court, September 16, 1997.[6] For all of these reasons, the motion to dismiss must be denied.

**AND IT IS SO ORDERED.**

---

6. Constructive is defined as follows:
That which is established by the mind of the law in its act of construing facts, conduct, circumstances, or instruments. That which has not the character assigned to it in its own essential nature, but acquires such character in

consequence of the way in which it is regarded by a rule or policy of law; hence, inferred, implied, or made out by legal interpretation; the word "legal" being sometimes used here in lieu of "constructive."
Black's Law Dictionary 283 (5th ed.1979).