Ira Rubin, Goldman, Rubin and Shapiro, Dayton, OH, U.S. Trustee.

In re James L. COLSTON, and Angela R. Colston, Debtors.

John K. Stipancich, Amy L. Stipancich, Plaintiffs,

v.

James L. Colston, Angela R. Colston, Defendants.

Bankruptcy No. 99–34253.
Adversary No. 99–3675.

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Jan. 28, 2000.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This matter is before the court on the Debtors–Defendants' Motion to Dismiss [Adv. Doc. # 6–1] and the Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss [Adv. Doc. # 7–1].

### PROCEDURAL AND FACTUAL BACKGROUND

On August 16, 1999, Debtors Angela R. and James L. Colston ("Debtors") filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. The court-ordered deadline for a creditor to file an adversary complaint to determine the dischargeability of a debt owed by the Debtors was set for December 6, 1999. Creditors John K. Stipancich and Amy L. Stipancich ("Creditors") filed their adversary complaint on the last day, December 6, 1999. However, the Creditors did not pay the required $150.00 fee to file the adversary complaint until December 7, 1999 [1], a day after the court-ordered deadline. On January 5, 2000, the Debtors filed a motion to dismiss the Creditors'

---

1. Although a delay in docketing led the Debtors to believe that the filing fee was paid by the Creditors on December 14, 1999, the original receipt filed in the bankruptcy case file

complaint based on the Creditors' untimely payment of the filing fee.

## CONCLUSIONS OF LAW

The Debtors request dismissal of the Creditors' complaint under Federal Rule of Civil Procedure 12 incorporated into bankruptcy adversary proceedings by Bankruptcy Rule of Civil Procedure 7012. The Debtors assert that dismissal of the complaint is warranted because the Creditors failed to pay the required filing fee before the court-ordered deadline for filing an adversary complaint. The court disagrees with the Debtors' argument.

The term "filed" for the purpose of filing complaints "means that the pleadings 'are placed in the possession of the Clerk of the Court.'" *Maroski v. Futrell (In re Futrell)*, 69 B.R. 378, 381 (Bankr.W.D.La. 1987) (quoting *Wright and Miller*, §§ 1052 and 1153). A complaint, timely filed with the clerk's office, is not rendered untimely by the late payment of the filing fee after the deadline. *Colorado National Bank–Aurora v. Caballer (In re Caballer)*, 120 B.R. 575, 576 (Bankr.D.Colo.1990) (holding that the "critical act was the filing of the complaint, not the payment of the fee"); *Church Charity Foundation of Long Island v. Spearman (In re Spearman)*, 68 B.R. 25, 26–27 (Bankr.E.D.N.Y.1987); *Security Pacific Financial Corp. v. Bade (In re Bade)*, 87 B.R. 78, 79 (Bankr.D.Neb. 1988); *Kirkley v. Emory (In re Emory)*, 219 B.R. 703, 709 (Bankr.D.S.C.1998).

In this case, the Creditors completed the critical act of "filing" their complaint with the clerk's office by the deadline of December 6, 1999. The court holds that the timely filed complaint is not rendered untimely by the Creditors' late payment of the filing fee. The Debtors' motion to dismiss is **DENIED.**

It is so ordered.

indicates that the filing fee was actually paid