**In re Thomas Keith VERZI, Debtor.**

**SELLERS INVESTMENT CO., a Virginia Limited Partnership; Frank E. Sellers, Trustee for Craig Chambers, Laura Chambers and Michael Chambers, and JJJLTT Co., a Virginia Limited Partnership, Plaintiffs,**

v.

**Thomas Keith VERZI, Defendant.**

**Bankruptcy No. 80–01186–BKC–JAG.**

**Adv. No. 80–0393–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

March 13, 1981.

Robert A. Schatzman, Schatzman & Schatzman, P. A., Miami, Fla., for debtor-defendant.

Arthur S. Weitzner, Fierro & Weitzner, Coral Gables, Fla., Bruce Sanders, Virginia Beach, Va., for plaintiffs.

## ORDER DENYING MOTION TO DISMISS AND SETTING TRIAL DATE

JOSEPH A. GASSEN, Bankruptcy Judge.

This matter was heard by the court on the motion of the defendant-debtor to dismiss the complaint in this adversary proceeding on the basis that said complaint was not timely filed. The order entered in the main proceeding on October 20, 1980 setting the meeting of creditors and other events in the main proceeding fixed December 29, 1980 as the last day for filing a complaint to determine the dischargeability of any debt. The complaint in this adversary was filed on December 30, 1980. Based upon the affidavit of Frank E. Sellers of February 12, 1981 as supplemented by his affidavit of March 2, 1981 taken into consideration by the court only for the purpose of determining the conduct of the affiant as to the mechanics of the filing of the adversary complaint, the court finds that the complaint was mailed on December 26, 1980 in ordinarily ample time for the matter to have been received and filed in the Bankruptcy Court in Miami, Florida before the close of business on December 29, 1980. The fact that it was not so received by the Bankruptcy Court in Miami by that deadline was not the primary fault of the plaintiff and if there was any neglect on the part of the plaintiff in mailing the complaint on December 26, 1980 for a December 29, 1980 deadline it is excusable. The plaintiff did, in fact, fly to Miami on December 30, upon learning that the matter did not reach the court on December 29 and filed the complaint on December 30, 1980. No prejudice to the defendant-debtor has been demonstrated. It is, therefore

ORDERED as follows:

1. The motion of the defendant-debtor to dismiss the complaint upon the ground that it was filed untimely be, and it is hereby, denied.

2. The defendant-debtor shall have fifteen days from the date hereof within which to file his answer and may incorporate in said answer any further defensive motions that he desires the court to consider. The court reserves ruling on the propriety and timeliness of such other and further motions as may be included in the answer of the defendant as well as on the merits of said further defensive motions.

3. The trial in this cause, is hereby set on *Wednesday April 22, 1981, at 9:00 a. m.,* in *Courtroom No. 1410, Federal Building, 51 S.W. First Avenue, Miami, Florida.*