### In re Octavio CINTRON, Mary Cintron, Debtors.

### No. 87–813–BKC–6P7.

United States Bankruptcy Court,
M.D.Florida,
Orlando Division.

June 29, 1989.

Edward R. Gay, Orlando, Fla., for movant.

Richard Heller, Orlando, Fla., for debtor.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon motion filed by Spyros Leontitsis ("Movant") seeking an extension of time in which to file a complaint seeking an exception to discharge pursuant to 11 U.S.C. § 523(c). Hearings on the motion were held April 26, 1989, and May 25, 1989, and upon the evidence presented, the Court enters the following Memorandum Opinion.

### FACTS

On April 6, 1987, Octavio and Mary Cintron filed a petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701, *et seq.* A discharge was entered on July 22, 1987, and the case was closed on October 13, 1987.

The case was reopened on August 4, 1988, to permit Debtor to amend his bankruptcy schedules to add creditors, and January 17, 1989, was fixed as the last date for filing a complaint seeking an exception to discharge (the "Bar Date"). Notice of the Bar Date was transmitted to creditors pursuant to Bankruptcy Rule 4007(c) on December 16, 1988.

Movant was scheduled as a creditor in Debtor's amended schedules and admits having received actual notice of the Bar Date for filing a § 523(c) complaint. Movant failed to file such complaint within the prescribed time period. On March 20, 1989, Movant filed a Motion for Relief Under Rule 9024 seeking an enlargement of time in which to file a complaint.

Movant suggests his medical problems which required hospitalization for all but three business days between December 10, 1988, and January 17, 1989, did not permit adequate time in which to meet with an attorney to prepare the filing of an adversary proceeding. However, it is clear that Movant had asked his attorney, Walter B. Dunagan, to secure the services of a bankruptcy practitioner to represent him in connection with the case. Mr. Dunagan did, in fact, seek the services of Robert Pfluger, an experienced bankruptcy attorney, but

for unknown reasons, the complaint was not timely filed.

## DISCUSSION

The time for filing an exception to discharge complaint is governed by Bankruptcy Rule 4007(c). That rule provides:

(c) Time for Filing Complaint Under § 523(c) in Chapter 13 Individual's Debt Adjustment Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis Added).

Most courts, including this one, have determined that the Court does not have the discretion to extend the deadline for filing a § 523(c) exception to discharge action after the bar date has passed. *See, e.g., In re Alton (Byrd v. Alton)*, 837 F.2d 457 (11th Cir.1988); *In re Duncan (Centrust Savings Bank v. Duncan)*, 86 B.R. 288 (Bankr.M.D.Fla.1988); *In re Ford*, 87 B.R. 641 (Bankr.D.Nev.1988); *In re Shelton (Manufacturers Hanover Trust Co. v. Shelton)*, 58 B.R. 746 (Bankr.N.D.Ill.1986). This conclusion is buttressed by the Advisory Notes to Rule 4007(c), which state: "If a complaint is not timely filed, the debt is discharge."

In some circumstances, Bankruptcy Rule 9006 confers discretion upon a bankruptcy court to permit acts to be performed after the expiration of a time limit, if the party seeking the extension demonstrates that the failure to act was the result of "excusable neglect." However, that rule specifically states that a court may enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that] rule." B.R. 9006(b).

Nevertheless, Movant argues that the deadline for filing exception to discharge actions may be extended by the terms of Rule 9024. That rule provides:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 or § 1330.

The relevant portions of Federal Rule of Civil Procedure 60(b) referred to in Rule 9024 provide:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

The Court has considered this argument and concludes that Rule 9024 is inapplicable to motions to enlarge the time in which to file an exception to discharge complaint absent clerical errors or mistakes in previous court orders. Instead, the filing of a complaint seeking an exception to discharge is governed exclusively by Rules 4007(c) and 9006(b). The time period mandated by these rules is more akin to a statute of limitations, and the person having the right to act is barred by the failure to do so within the prescribed period. To hold otherwise would inject uncertainty and confusion into the case and is contrary to the policy of providing finality in bankruptcy proceedings. *Accord, In re Ricketts (Osborn v. Ricketts)*, 80 B.R. 495 (9th Cir. BAP 1987); *In re Burke (Leisure Development Inc. v. Burke)*, 95 B.R. 716 (9th Cir. BAP 1989); *In re Kirsch (FDIC v. Kirsch)*, 65 B.R. 297 (Bankr.N.D.Ill.1986) (Failure to

timely file complaint is jurisdictional question).

In this case, the bar date for filing an exception to discharge action was fixed as January 17, 1989. The Motion for Relief Under Rule 9024 was not filed until March 20, 1989. The Court does not have discretion to extend the bar date in which to file a complaint once it has passed. "Cause" or "Excusable Neglect" do not enter into this consideration. Accordingly, the Motion for Relief Under Rule 9024 will be denied.

The Court will enter a separate order in accordance with these findings.