**In re Rene Alexandre REMUND, Debtor.**

**Thomas R. GARZA and Eleanor Garza, Plaintiffs,**

v.

**Rene Alexandre REMUND, Defendant.**

**Bankruptcy No. 89–3987–8P7.
Adv. No. 89–443.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 3, 1990.

Richard L. Pearse, Junior, Clearwater, Fla., for plaintiffs.

Donald J. Schutz, Battaglia, Ross, Hastings & Dicus, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION TO DISMISS COMPLAINT FOR FAILURE TO FILE TIMELY COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the timeliness, vel non, of the Complaint filed by Thomas R. Garza and Eleanor Garza (Plaintiffs) which seeks a determination that a debt allegedly due and owing by the Debtor to the Plaintiffs shall be declared to be non-dischargeable pursuant to Section 523 of the Bankruptcy Code. The matter is raised by a Motion to Dismiss the Complaint pursuant to Bankruptcy Rule 4007(c) for failure to file a timely complaint. The following undisputed facts were established at the final evidentiary hearing and are relevant to the matter under consideration.

**493**

■ The Debtor filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on June 7, 1989. The Plaintiffs mailed their Complaint on September 11, 1989, which was filed in the Clerk's Office on September 15, 1989. The deadline for filing dischargeability complaints as established by Bankruptcy Rule 4007(c) was September 14, 1989. No Motion to extend the time for filing the complaint was made prior to the expiration of the time period. Bankruptcy Rule 4007(c) provides that the time for filing complaints under Section 523(c) is sixty (60) days following the first date set for the meeting of the creditors held pursuant to Section 341(a) which was held on July 14, 1989. Bankruptcy Rule 9006(b)(3) provides that any enlargement of time for taking action under Rule 4007(c) is limited to the specific instances spelled out in Rule 4007(c). Clearly, Rule 4007(c) allows an extension of time only on a Motion of any party which is filed before the time expired.

The Plaintiffs contend first that the Court should not dismiss the complaint based on equitable principles and in support rely on *In re Verzi*, 10 B.R. 99 (S.D. Fla.1981) where the Court held that a complaint which was mailed on December 26, 1980, in ordinarily ample time to have been received and filed in the bankruptcy court before the close of business on December 29, 1980, but was not received in time, was not the primary fault of the plaintiff and, therefore, where no prejudice has been demonstrated to the debtor, the motion to dismiss complaint for untimeliness would be denied. Further, the Plaintiffs argue that although admittedly they did not file a motion to extend the time, the complaint should be in itself considered a motion to extend the time in that it seeks all relief appropriate. In support of this proposition the Plaintiffs cite *In re Lambert*, 76 B.R. 131 (E.D.Wis.1985) where the court held that a motion to lift the stay was treated as a motion to extend the bar date and allowed a complaint to be filed under Section 523(a)(2).

In opposition and in support of her motion to dismiss, the Debtor relies on *In re Kirsch*, 65 B.R. 297 (N.D.Ill.1986) where the court held that the bankruptcy court has no discretion to grant leave to file objections to dischargeability of debt, nunc pro tunc, after the expiration of the 60 days fixed by Bankruptcy Rule 4007(c). In the *Kirsch* case, plaintiffs did not seek an extension for filing complaints to determine dischargeability. The court in *Kirsch* correctly noted that Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors, claiming that their claims were not discharged because of fraud of a false financial statement. Therefore, certain types of non-dischargeability claims would be automatically cut off after relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. The FDIC in *Kirsch* did not file an extension before the time ran, similar to the Plaintiffs in the case at present. The court clearly held that the answer to the request for a nunc pro tunc Order can not be granted inasmuch as the court has no discretion to extend the Rule 4007(c) time.

■ This Court expressly rejects the proposition that a complaint could be considered a motion to extend the time and notwithstanding the *Verzi* case expressly rejects the proposition that the Court has any discretion to enlarge the time for filing the complaint for dischargeability under Section 523(c) where no motion to enlarge the time was ever made. Therefore, the Defendant's Motion to Dismiss the Complaint as untimely should be granted and the Complaint should be dismissed with prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Dismiss Complaint for Untimeliness be, and the same is hereby, granted and the Complaint be, and the same is hereby, dismissed with prejudice.

DONE AND ORDERED.