In re William **YOHLER**, a/k/a William F. Yohler, a/k/a William Frederick Yohler, D.V.M., Debtor.

**Bankruptcy No. 90–36997–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

May 29, 1991.

James C. Chambers, for U.S. Professional Financial Group (USPFG).

Frank Heston, for debtor.

## MEMORANDUM OPINION

ROBERT A. MARK, Bankruptcy Judge.

United States Professional Financial Group, Inc./Marine Midland Bank, N.A. ("USPFG"), a creditor in this Chapter 7 case, seeks leave of Court to file a late complaint objecting to the dischargeability of its claim. USPFG's motion was filed on March 21, 1991, and argued to the Court at a hearing held on April 23, 1991. Both sides have submitted supplemental case authority. For the reasons set forth below, the motion is denied.

## BACKGROUND FACTS

The Debtor filed its voluntary petition for relief under Chapter 7 on September 28, 1990. USPFG was listed as a general unsecured creditor. USPFG received a copy of the Court's standard notice and order scheduling the § 341(a) Meeting for November 7, 1990 and setting a deadline of January 7, 1991 for the filing of complaints objecting to the dischargeability of debts pursuant to 11 U.S.C. § 523.

Adequacy of notice is not at issue here. James C. Chambers, in-house counsel for USPFG, appeared at the 341 Meeting on November 7, 1990. Mr. Chambers and the Debtor's counsel, Frank Heston, communicated by telephone and in writing following the first meeting of creditors to discuss USPFG's objection to the dischargeability of its claim. USPFG failed to file a complaint objecting to the dischargeability of its debt on or before the January 7, 1991 deadline.

USPFG's motion seeking leave to file a late complaint was filed on March 21, 1991. Movant argues that its complaint should be allowed based upon alleged fraudulent conduct by Debtor's counsel. According to USPFG, Debtor's counsel agreed to prepare a reaffirmation agreement prior to the January 7, 1991 deadline. Relying upon the Debtor's purported agreement to reaffirm the debt, USPFG did not file a § 523 complaint notwithstanding earlier advice to the Debtor that it believed it could successfully prosecute such an action.

Debtor's counsel acknowledges that the parties were negotiating and that he advised USPFG that the Debtor was interested in working out a payment schedule rather than litigating a § 523 complaint. The Debtor's counsel vehemently denies that any agreement was ever consummated. He also denies that he promised to prepare documents incorporating an agreement to repay the debt. The Debtor argues that he was entitled to rely upon the deadline and

obviously, once USPFG failed to file a complaint, he had no further incentive to reaffirm the debt or agree to a repayment schedule.

As revealed by each party's proffer, the facts concerning the pre-deadline negotiations are in dispute. Nevertheless, I find it unnecessary to conduct an evidentiary hearing since I find that as a matter of law, the motion must be denied.

## DISCUSSION

Bankruptcy Rule 4007(c) specifies the time for filing complaints under 11 U.S.C. § 523(c) in Chapter 7 cases. That rule provides in pertinent part as follows:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis supplied).

USPFG failed to file a § 523 complaint by January 7, 1991, the deadline established by the rule and specified in the notice of the § 341 Meeting. USPFG also failed to file a motion to extend the time prior to the January 7, 1991 deadline. Despite its undisputed failure to comply with Rule 4007, USPFG argues that the extraordinary circumstances here justify granting it leave to file a late complaint.

Numerous courts have held that the time provisions in Rule 4007(c) are jurisdictional and non-waivable. Generally, there is no discretion to allow a late-filed complaint unless a motion to extend the deadline has been filed prior to the expiration of the specified time period. *Byrd v. Alton*, 837 F.2d 457, 459 (11th Cir.1988); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987); *In re Neese*, 87 B.R. 609 (9th Cir. BAP 1988); *In re Remund*, 109 B.R. 492 (Bankr.M.D. Fla.1990); *In re Cintron*, 101 B.R. 785 (Bankr.M.D.Fla.1989).

In rare and unusual circumstances, some courts have allowed late-filed complaints.

*See In re Greene*, 103 B.R. 83 (S.D.N.Y. 1989) (allowing late filed complaint by creditor who was not originally scheduled); *Matter of Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989) (filing delayed because creditor relied upon an erroneous bar date contained in a clerk's notice). Late-filed complaints have also been allowed when the creditor attempted to file prior to the deadline but the actual filing was delayed because of procedural errors. *See Cosper v. Frederick*, 73 B.R. 636 (Bankr.N. D.Fla.1986) (clerk received complaint before deadline but returned it for failure to include cover sheet and filing fee). I have taken similar action recently in an unreported case involving a *pro se* creditor who filed an objection to discharge before the deadline which was returned by the clerk because it was filed on the wrong size paper.

Relying upon these "cracks" in an otherwise rigidly applied rule, USPFG argues that I have discretion to excuse compliance with Rule 4007. Claiming that it was deliberately misled by Debtor's counsel into believing that the Debtor would reaffirm its debt, USPFG asks me to exercise that discretion and allow a late-filed complaint.

USPFG cites *In re Riso*, 57 B.R. 789, 793 (Bankr.D.N.H.1986) for the proposition that as a court of equity, I have and should exercise the authority to extend the deadline in order to prevent a fraud or injustice. At the very least, USPFG claims, I should conduct an evidentiary hearing to determine whether it was deliberately lulled into inaction by Debtor counsel's allegedly wrongful conduct.

USPFG is correct in one respect. Pursuant to 11 U.S.C. § 105, a bankruptcy judge does have the authority to extend the deadline to prevent an abuse of process. *In re Greene, supra*, 103 B.R. at 88. I decline to exercise that authority here. This creditor was fully aware of the deadline and took no steps to either file a complaint or seek an extension within the prescribed period. I am aware of no cases allowing late-filed complaints under these circumstances. Even if USPFG's factual allegations are true, I decline to expand the limited excep-

**494**

tions to allow late filed complaints based upon alleged but unexecuted agreements to settle a claim or reaffirm a debt.

I recognize that the creditor was represented by in-house counsel who may not have been fully versed in bankruptcy law and procedure. Nevertheless, it would be a dangerous precedent for me to apply a different standard to non-bankruptcy attorneys than I would apply to the conduct of experienced bankruptcy practitioners. A bankruptcy lawyer would never be justified in allowing a deadline to pass simply because he expected the Debtor to reaffirm the debt or believed that an oral agreement existed with the Debtor. Instead, the diligent creditor's attorney would and must file a motion seeking to extend the deadline pending the consummation of the negotiated agreement.

If the Debtor's counsel deliberately misled USPFG's counsel, I certainly do not condone his conduct. Nevertheless, I find no room for flexibility where the failure to file a timely complaint arises from an alleged oral agreement to settle the claim. To approve a flexible standard here would invite evidentiary hearings every time a creditor claims it was somehow "lulled" into inaction. Such a standard would be contrary to the policy of fixing a certain deadline after which a debtor will no longer be exposed to dischargeability claims. In enforcing the rigid standard and disallowing a late claim, Judge Proctor noted that "to hold otherwise would inject uncertainty and confusion into the case and would be contrary to the policy of providing finality in bankruptcy proceedings." *In re Cintron, supra,* 101 B.R. at 786. I agree with and adopt that reasoning here.

In sum, I find that the pendency of settlement negotiations and even an alleged oral agreement by the Debtor to reaffirm a debt will not excuse a creditor's failure to file a timely complaint objecting to dischargeability.

The Court will enter a separate order in accordance with this opinion.