In re Kenneth Wallace TUCKER, d/b/a Tucker Gold & Diamonds, and Dolores Ann Tucker, Debtors.

No. 00–18824–8W7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 19, 2001.

Pierce J. Guard, Jr., Lakeland, FL, for Creditor Billy Joe Watson.

Thomas D. Pulliam, Lakeland, FL, for Debtors.

Susan K. Woodard, St. Petersburg, FL, Trustee.

## MEMORANDUM DECISION AND ORDER ON MOTION FOR ADDITIONAL TIME TO FILE DISCHARGEABILITY ACTION

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This case came on for hearing on June 7, 2001 ("Hearing"), on a motion filed by a creditor, Billy Joe Watson ("Creditor" or "Watson") requesting additional time to file a complaint seeking a determination that the debt owed to him is nondischargeable under Bankruptcy Code § 523.

*Procedural Posture of Case*

The debtor, Kenneth Wallace Tucker ("Debtor"), filed his petition under chapter 7 on December 6, 2000. In his schedules the Debtor listed Watson as holding an unsecured claim. On December 9, 2000, the clerk served Watson as well as all other creditors listed in the Debtor's schedules with Official Form B9A which is titled "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" ("Notice"). In pertinent part, the Notice states, "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: March 5, 2001." It is not disputed that Watson received the Notice.

On March 3, 2001, two days before the deadline set forth in the Notice, Watson retained counsel. Having insufficient time to adequately prepare and file a complaint under Bankruptcy Code § 523, counsel immediately thereafter, on the March 5th deadline, filed a motion for enlargement of the time to file a complaint seeking an exception to the Debtor's discharge ("Motion for Enlargement"). Specifically, in the Motion for Enlargement, Watson requested an extension of 30 days from the date of the Motion for Enlargement to file a dischargeability complaint, that is, until April 5, 2001.

The Debtor thereafter filed a written objection to the requested extension. Nevertheless, on March 15, 2001, the court entered an order (Doc. No. 10) ("Order Extending Time") granting Creditor's Motion for Enlargement and giving the Creditor the requested additional 30 days, that is, until April 5, 2001, to file a dischargeability complaint. The record reflects that the Order Extending Time was served on Creditor's counsel by mail on or about March 15, 2001. However, counsel for Watson asserts, and the court accepts as true, that he never received a copy of the

Order Extending Time.[1]

Watson did not file a dischargeability complaint by the April 5th deadline. The Debtor received a discharge on April 11, 2001. On May 14, 2001, counsel for Watson filed a motion for relief from the Order Extending Time requesting an additional ten days for Watson to file a dischargeability complaint. Watson also requested that the court vacate the Debtor's discharge pending resolution of the issues to be raised by the dischargeability complaint.

### Issue

Under the circumstances of this case, does the court have the discretion to further extend the time in which the Creditor may file a dischargeability complaint?

For the reasons stated below, the court concludes that in these circumstances, it does not have discretion to grant a further extension and accordingly, will deny the motion.

### Conclusions of Law

A. The Failure of Creditor to Receive the Order Extending Time Does Not Excuse Compliance with the Bar Date.

As noted above, in reaching the conclusions set forth below, the court has accepted as true that counsel for Creditor never received a copy of the Order Extending Time. The court must therefore consider whether this fact provides a proper basis for excusing compliance with the bar date set forth in the Order Extending Time.

The Eleventh Circuit had an analogous situation before it in *In re Williamson*, 15

F.3d 1037 (11th Cir.1994). In the case, the creditor argued that its complaint was not time barred under Bankruptcy Code § 523(c) because the original bankruptcy notice contained the affirmative statement by the clerk that the filing deadline was "to be set." Fed. R. Bankr.P. 4007(c) specifically requires that, "The court shall give all creditors no less than 30 days' notice of the time so fixed [to file a dischargeability complaint]." Accordingly, the clerk had failed to give a 30–day notice of the § 523 deadline as required by Bankruptcy Rule 4007(c).

In affirming the bankruptcy court's dismissal of the creditor's dischargeability complaint as being time barred, the Eleventh Circuit held that the fact that the notice stated that the deadline was "to be set" did not relieve the creditor of its duty to file its dischargeability action within the time prescribed by Bankruptcy Rule 4007. *In re Williamson*, 15 F.3d at 1039 citing *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987)("... creditor was on notice of the time limit even though the clerk left the space for the deadline to file objections to dischargeability blank and the clerk's office gave subsequent assurances that no deadline had been set.").

In this regard, Fed. R. Bankr.P. 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the date first set for the meeting of creditors. So long as a creditor had notice of the bankruptcy filing, a court's failure to give notice does not suspend the

---

1. Generally, there is a legal presumption that when an item is properly addressed and placed in a mailbox approved by the U.S. Post Service, it will arrive and will be delivered. *In re East Coast Brokers & Packers, Inc.*, 961 F.2d 1543 (11th Cir.1992). In this case, applying this presumption it would be presumed that Watson's counsel received the notice in the mail following its March 15th mailing, well before the April 4th deadline. However, in light of this court's finding that in fact Watson's counsel did not receive the notice, the presumption does not apply in this case. The Debtor does not dispute the fact that counsel for Watson did not receive the Order Extending Time.

running of the limitation period. *In re Williamson,* 15 F.3d at 1039.

While this may seem to be an unfairly strict interpretation of Rule 4007, as discussed in *In re Alton,* 837 F.2d 457 (11th Cir.1988), any interpretation that the language of Rule 4007(c) gives a creditor the right to such official notice before the creditor is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. § 523(a)(3)(B), which makes actual notice sufficient to impose a duty-to-inquire on the creditor. As stated by the Eleventh Circuit in *Alton,* "We decline to interpret the Rule in a way that would engender such a conflict."

█ In this case, Watson had notice of the 60–day deadline. Indeed, he timely filed a motion to extend the deadline. This court granted the motion and gave Watson exactly the relief requested—30 additional days, to April 5, 2001, to file a complaint.

Clearly, the burden was on Creditor to protect his rights by filing the dischargeability complaint within the time as extended. Even though the order granting the extension was not received, all Creditor had to do was look at the docket to see that the Order Extending Time had been entered. The docket in this case clearly reflected entry of the order granting the extension, and the date of the extension—April 5, 2001.

**B. The Bankruptcy Rules Do Not Authorize an Extension of the Dischargeability Complaint Bar Date Based on Excusable Neglect.**

The court has also considered whether it is appropriate to nevertheless give relief from the bar date established by the Order Extending Time on the basis that the failure to check the docket to ascertain the date to which the bar date had been extended was excusable neglect. After reviewing the applicable rules as well as the relevant case law, it is clear, however, that allowing the relief requested at this point is also contrary to the clear mandate of the Bankruptcy Rules as well as the policy underlying those rules.

In this case, the time has expired to file a dischargeability complaint under Bankruptcy Code § 523(c). Request has been made after expiration of the original time and time as extended.

█ Bankruptcy Rule 9006(b)(1) governs the court's power to grant an enlargement of a time specified in the rules. In this regard, the court may generally enlarge a time on motion made even after expiration of the specified period if the failure to act was the result of excusable neglect. However, Bankruptcy Rule 9006(b)(1) specifically limits the court's discretion with respect to taking actions required under 4007(c) to only the "extent and under the conditions stated in . . ." that rule. Rule 4007(c) specifically requires the motion to extend time to be "filed before the time has expired."

Under the facts of this case, this court has no discretion to ignore the clear application of the rules establishing the deadline. As stated by Judge Killian in the case of *In re Woods,* 260 B.R. 41 (Bankr. N.D.Fla.2001), "the deadlines provided for in the rules 'are to be interpreted strictly, and in a manner consistent with the Code's policies . . . favor[ing the] fresh start for the debtor, and [the] prompt administration of the case." *In re Woods,* 260 B.R. at 43 (*citing Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)).

█ Absent extraordinary circumstances, the provisions of Rule 4007(c) are jurisdictional and non-waivable. *In re*

*Yohler,* 127 B.R. 492 (Bankr.S.D.Fla. 1991)(Mark, B.J.). "Generally, there is no discretion to allow a late-filed complaint unless a motion to extend the deadline has been filed prior to the expiration of the specified time period." *Id. (citing Byrd v. Alton,* 837 F.2d 457, 459 (11th Cir.1988); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987); *In re Neese,* 87 B.R. 609 (9th Cir. BAP 1988); *In re Remund,* 109 B.R. 492 (Bankr.M.D.Fla.1990); *In re Cintron,* 101 B.R. 785 (Bankr.M.D.Fla.1989)).

C.  Extraordinary Circumstances Do Not Exist in this Case to Allow Extension of the Bar Date After Its Expiration.

■■■■  Notwithstanding the rigidity of this procedural framework, there are nevertheless extraordinary circumstances in which courts permit a late-filed dischargeability complaint. The examples of such circumstances fall into three categories:

(1) Failure of a creditor to be listed in the debtor's schedules. This is the most obvious circumstance and is specifically provided for in Bankruptcy Code § 523(a)(3) which excepts from discharge debts that are not listed in time to permit "timely request for a determination of dischargeability of such, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request...." *In re Greene,* 103 B.R. 83 (S.D.N.Y.1989).

(2) Reliance on an erroneous bar date. As a general proposition, if the court erroneously sets two bar dates and a creditor reasonably relies on the second date in filing a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed. "To hold otherwise, we believe, would create an unjust result because parties are entitled to rely on information issued by bankruptcy courts." *In re Isaacman,* 26 F.3d 629, 632

(6th Cir.1994); *In re Themy,* 6 F.3d 688 (10th Cir.1993); and *In re Anwiler,* 958 F.2d 925 (9th Cir.1992). As stated in *Matter of Hershkovitz,* 101 B.R. 816 (Bankr. N.D.Ga.1989)(Kahn, C.B.J.), "...it would be a great injustice if Plaintiffs were precluded from maintaining their dischargeability complaint against Defendants–Debtors simply because they relied on an order of the court which was erroneously entered."

(3) Timely filing returned by clerk due to procedural problems. Courts have also permitted a late-filed dischargeability complaint when a creditor initially filed the complaint by the deadline, but the clerk because of a procedural defect returned the complaint. *Cosper v. Frederick,* 73 B.R. 636 (Bankr.N.D.Fla.1986). As stated in *In re Whitfield,* 41 B.R. 734, 736 (Bankr. W.D.Ark.1984), "[i]t is for this Court and not the clerk...to determine the legal sufficiency of documents tendered for filing." See also *In re Horob,* 54 B.R. 693 (Bankr. D.N.D.1985).

■■■■  Unlike the exceptional circumstances described above, in this case, Creditor had the opportunity to comply and did not. In rejecting similar arguments made by an attorney for a creditor who contended that he was lulled into inaction during settlement discussions, Judge Mark in *Yohler* noted that, "Such a standard would be contrary to the policy of fixing a certain deadline after which a debtor will no longer be exposed to dischargeability claims." *In re Yohler,* 127 B.R. at 494. "To hold otherwise would inject uncertainty and confusion into the case and would be contrary to the policy of providing finality in bankruptcy proceedings." *In re Cintron,* 101 B.R. 785, 786 (Bankr.M.D.Fla.1989)(Proctor, B.J.). *See also In re Duncan,* 86 B.R. 288 (Bankr. M.D.Fla.1988).

*CONCLUSION*

The failure to receive specific notice from the court setting forth the bar date for filing a dischargeability complaint does not excuse compliance with that bar date so long as the creditor knew of the bankruptcy filing in time to file a timely dischargeability complaint.

A bankruptcy court has no discretion to extend the time for filing of a dischargeability complaint under the "excusable neglect" standard of Fed. R. Bank. P. 9006(b). While there are extraordinary circumstances that may justify an extension of time, such circumstances do not include the failure to file a timely dischargeability complaint after having had notice of the bankruptcy filing.

Accordingly, for these reasons, it is

ORDERED that the Motion is denied.