**In re Stafford L. JOHNSON, Debtor.**

**Stafford L. Johnson, Plaintiff,**

**v.**

**Ladonna S. Johnson, Defendant.**

**Bankruptcy No. 02–686–3F7.**
**Adversary No. 02–155.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 14, 2002.

Aaron R. Cohen, Jacksonville, FL, for plaintiff.

Robert W. Elrod, Jr., Jacksonville, FL, for defendant.

### *ORDER DISMISSING COUNT RELATED TO § 523(a)(15)*

JERRY A. FUNK, Bankruptcy Judge.

This adversary proceeding is before the Court upon Motion to Dismiss Count Related to 11 U.S.C. § 523(a)(15).

On January 25, 2002 Debtor ("Plaintiff") filed a Chapter 7 bankruptcy petition. In his schedules Plaintiff listed Defendant as an unsecured creditor.[1] The Court set May 6, 2002 as the deadline to file a com-

---

1. Plaintiff's debt to Defendant is the result of the dissolution of the parties' marriage.

plaint objecting to Plaintiff's discharge or to determine the dischargeability of certain debts.[2] Defendant received notice of the May 6, 2002 deadline but did not file a complaint to determine the dischargeability of Plaintiff's debt to her. Plaintiff received a discharge on May 16, 2002.

On June 17, 2002 Plaintiff filed a complaint to determine the dischargeability of Plaintiff's debt to Defendant. Plaintiff contends that the debt is not excepted from Plaintiff's discharge pursuant to § 523(a)(5). Plaintiff also argues that Defendant is barred from asserting that the debt is non-dischargeable pursuant to § 523(a)(15) because she failed to file a complaint to determine the dischargeability of the debt by May 6, 2002.

Defendant filed an answer and Counter–Complaint to Determine the Dischargeability of a Debt. Defendant asserts that she did not initiate an adversary proceeding because Plaintiff informed her that he did not include this debt on his bankruptcy petition and she therefore did not have to worry about · it. Defendant argues that her failure to file an adversary proceeding constitutes excusable neglect. Defendant seeks to have the debt declared non-dischargeable pursuant to §§ 523(a)(5) and 523(a)(15).

Plaintiff filed Answer to Counter Complaint and Motion to Dismiss Count Related to 11 U.S.C. § 523(a)(15). In his Answer to Counter–Complaint and Motion to Dismiss Plaintiff reiterates that any claim under § 523(a)(15) is time barred.

### *The Bankruptcy Rules do not Authorize an Extension of Time to File a Dischargeability Complaint on the Basis of Excusable Neglect* [3]

Subdivision (b)(1) of Bankruptcy Rule 9006 provides the circumstances under which a court may enlarge the time periods in a bankruptcy case. Generally a court may enlarge a time upon a motion filed after the expiration of the specified period if the failure to act was the result of excusable neglect. However, paragraphs (2) and (3) of 9006(b) set forth certain exceptions. Paragraph 2 enumerates the bankruptcy rules for which enlargement is not permitted and paragraph 3, which includes Rule 4007(c), enumerates the bankruptcy rules for which enlargement of time is limited to the "extent and under the conditions stated in those rules." Fed. R.Bankr.P. 9006(b)(3). Although Rule 4007(c) permits a court to extend the time to file a complaint under § 523(c), the motion to extend must be filed before the time has expired. Accordingly, the Court does not have the discretion to allow an untimely complaint under any of the sections set forth in § 523(c) on the basis of excusable neglect. *See In re Tucker,* 263 B.R. 632, 636–637 (Bankr.M.D.Fla.2001). *See also Byrd v. Alton,* 837 F.2d 457, 459 (11th Cir.1988) (holding that motion to extend time period for filing dischargeability complaint must be made before the running of that period and that court lacks discretion to grant late filed motion to extend time to file dischargeability complaint).

Courts may nonetheless permit a late filed dischargeability complaint under

---

**2.** Fed.R.Bankr.P. 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors. Section 523(c) encompasses § 523(a)(2), § 523(a)(4), § 523(a)(6) and § 523(a)(15) debts.

**3.** Although it makes no explicit determination, the Court will assume for purposes of the Motion to Dismiss that Defendant's failure to timely file an adversary proceeding was the result of excusable neglect.

extraordinary circumstances such as: 1) a debtor's failure to list a creditor in his schedules; 2) a creditor's reliance on an erroneous bar date set by a court; or 3) a creditor's timely filed complaint which is returned by a clerk because of procedural problems. *Tucker*, 263 B.R. at 637. No such circumstances exist in the instant case. Based on the foregoing, it is

**ORDERED:**

Defendant's Motion to Dismiss Count Related to 11 U.S.C. § 523(a)(15) is granted.